ALICE I. McBRIDE v. FRANK PUTNAM AND ANNETTA PUTNAM.

*Homestead—Undivided interest.*

A husband cannot claim, as against a judgment creditor, a homestead in an undivided one-eighth interest in 57 acres of land, the remaining seven-eights of which is owned by his wife, where the entire tract exceeds in value $1,500.

Appeal from Shiawassee. (Newton, J.) Submitted on briefs February 14, 1894. Decided March 27, 1894.

Bill in aid of execution. Defendants appeal. Decree affirmed. The facts are stated in the opinion.

*Walter McBride*, for complainant.

*James M. Goodell*, for defendants.

LONG, J. Defendants are husband and wife. In October, 1889, defendant Frank Putnam gave his promissory note for $150 to complainant. At that time there stood in his name the title to a one-eighth interest in 57 acres of land. June 2, 1890, he deeded his interest in the land to his wife for the pretended consideration of $1,000. Complain-

ant brought suit on the note, and recovered judgment for damages and costs to the amount of $220.75, and levied execution upon this one-eighth interest in these lands. This bill was filed in aid of that execution. It is claimed that the lands were deeded to the wife without any consideration, and for the purpose of defrauding creditors. The defense set up was twofold:

1. That there was a sufficient consideration paid by the wife.
2. That the 57 acres of land was the homestead of the defendants, and therefore the one-eighth interest was exempt from levy and sale on execution against the husband.                                                   -

The testimony shows that the whole 57 acres was worth from $3,000 to $3,400, making the eighth interest worth from $375 to $425. The court below entered a decree setting aside this deed, and directing sale of the one-eighth interest to satisfy such judgment. From this decree the defendants appeal.

It appears that the title to the entire 57 acres was vested in certain heirs. The purchase was made by the defendants from these heirs, and the deeds taken in their names as tenants in common. The title had been acquired to seven-eighths of this property before this note was given upon which complainant's indebtedness arose, and the title to that part conveyed to the wife before that time. The complainant claims that the money was procured from her by Frank Putnam to make the purchase of the other interest. This interest was purchased, and the title to that remained in Frank at the time the note was given, but was thereafter conveyed to the wife. We think the court below was correct in finding that it was conveyed without consideration.

The defendants cannot insist upon a homestead right in this one-eighth interest in 57 acres. There is no conten-

tion but that the whole 57 acres is worth more than the homestead right which could be claimed even in 40 acres of land. The lowest estimate is $50 per acre, and we are satisfied from the evidence that the land is much more valuable. It is evident that the court below was of the opinion that the one-eighth interest was conveyed to the wife to prevent the husband's creditors from levying upon it. There is no rule which would exempt it as a homestead.

The decree of the court below is affirmed.

McGRATH, C. J., GRANT and HOOKER, JJ., concurred. MONTGOMERY, J., took no part in the decision.